_____FILED   _____ENTERED
_____LODGED  _____RECEIVED

MAR 29 2017

A. ...ENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                          DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-2322 |
| MAA Laxmi, LLC, *et al.* | * | |
| Defendants | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Choice Hotels International, Inc.'s ("Choice" or "Plaintiff") Application to Confirm Arbitration Award, ECF No. 1, and Motion for Default Judgment, ECF No. 8. For the following reasons, Choice's request for this Court to enter default judgment in the amount of $121,789.79 is GRANTED.

**I.      Background**

On October 18, 2016, Choice filed its Motion to Confirm Arbitration Award, ECF No. 1, after having obtained a judgment against Defendants MAA Laxmi, LLC ("MAA Laxmi"), Jayesh Bhakta, Kasmira Bhakta, and Sachin Bhakta, collectively, "Defendants," in arbitration proceedings. Choice and Defendants had entered into a franchise agreement on December 22, 2006 that provided for arbitration as its dispute resolution mechanism for breach of the agreement. ECF No. 1-3. Choice initiated arbitration proceedings which none of the Defendants attended. On March 2, 2016, an "Ex Parte Award of Arbitrator" issued in the amount of $121,789.79 representing "outstanding invoices dated from January 12, 2012 through December

13, 2012," "lost profits",[1] interest charges on unpaid invoices, as well as administrative fees and expenses. ECF No. 1-2 at 2.

Jayesh Bhakta and MAA Laxmi were properly served on July 13, 2016, ECF No. 4, Kasmira Bhakta was properly served on August 4, 2016, ECF No. 5, and Sachin Bhakta was properly served on September 15, 2016, ECF No. 6. Defendants failed to respond to Choice's Motion or otherwise contest Choice's claims. Choice then moved for entry of Default, ECF No. 7, and Default Judgment, ECF No. 8.  Defendants did not respond to these motions, and the Clerk entered default on February 3, 2017.  ECF No. 9.

## II.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the parties default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g., Choice Hotels International, Inc. v. Ja I Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels International, Inc. v. Austin Area Hospitality, Inc.*, TDC 15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015). Although the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive.

---

[1] The arbitrator awarded "$57,816.00  for room charges at the rate of $40 per room per month for 21.9 months for 66 rooms as lost profits." ECF No. 1-2 at 2.

*S.E.C. V. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

### III.    Analysis

A plaintiff moving for default judgment "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice*, 2012 WL 5995248, at *2 (collecting cases). The Federal Arbitration Act, 9 U.S.C. § 9, provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court so specified for an order confirming the award." Here, Plaintiff filed its motion for confirmation within one year. Section 9 further provides that this Court must grant the order unless the award is modified, vacated or corrected pursuant to sections 10 and 11 of the same Act. *Id.*

Review of an arbitration award is "severely circumscribed" because to allow for a more expansive review would "frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 194 (4th Cir. 1998). Accordingly, this Court may vacate an arbitration award based on one of the grounds enumerated in the Federal Arbitration Act or if the arbitrator acted in manifest disregard of law. *Id.* Neither are at issue here.

Rather, the instant arbitration clause in the franchise agreement specifically provides for final and binding arbitration for any "controversy or claim arising out of or relating to" the franchise agreement. ECF No. 1-3 at 1. Although Choice's motions do not expressly identify where arbitration was held, the Franchise Agreement makes plain that it would take place in Maryland, and the arbitration award confirms the proceedings were held "in accordance with the

arbitration agreement entered into" between Plaintiff and Defendants. ECF No. 6-2; *see also* Defendant's Motion for Default Judgment, ECF No. 8 at 3 ("The arbitration was conducted in accordance with the terms of the parties' Arbitration Agreement."). The parties are also diverse, and the amount of the arbitration award for which the Plaintiff seeks confirmation exceeds the jurisdictional minimum for diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332(a). The pleadings before this Court, therefore, demonstrate that the arbitration award can and should be confirmed.

The arbitrator awarded Plaintiff $121,789.79, which was comprised of $30,730.58 in franchise fees, $24,230.71 in interest, $57,816.00 in liquidated damages, and $9,012.50 in administrative expenses and arbitrator compensation. ECF No. 1-2. Plaintiff requests entry of a default judgment in that amount, "plus post-judgment interest until paid and $400 for the costs of this action." ECF No. 6. The Court grants entry of $121,789.79 plus $400 in costs because Plaintiff requested the same in its initial petition for confirmation of the arbitration award. ECF No. 1. *See* Fed. R. Civ. P. 54(c). Insofar as Plaintiff seeks reimbursement for post-judgment interest, such is awarded by operation of law and not by Court order. *See* 28 U.S.C. § 1961(a); *Choice*, 2012 WL 5995248, at *4. Plaintiff has demonstrated that it is entitled to the remaining requested award and a default judgment in that amount will be entered.

### IV.   Conclusion

For the above-stated reasons, Plaintiff Choice's motion for default judgment is granted. A separate order will follow.

3/29/2017
_____
Date

_____
Paula Xinis
United States District Judge

4